[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16909
Non-Argument Calendar

_____

Agency No. A075-842-610

SANDRA P. BEDOYA,
a.k.a. Bedoya,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 17, 2009)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Sandra Bedoya, a native and citizen of Colombia, petitions for review of the

decision of the Board of Immigration Appeals that affirmed the denial of her applications for asylum and withholding of removal under the Immigration and Nationality Act and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, and Degrading Treatment or Punishment. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). The Board found that Bedoya failed to establish past persecution, a probability of future persecution if she returns to Colombia, or that she was eligible for withholding of removal. We deny the petition.

Bedoya presents two arguments, and we lack jurisdiction to consider one of those arguments. Bedoya argues that she was eligible for asylum because she submitted evidence that paramilitaries persecuted her, in part, because they believed that she associated with the Revolutionary Armed Forces of Colombia. Bedoya also argues that she was eligible for withholding of removal and relief under the Convention, but she failed to present those arguments to the Board. "[A]bsent a cognizable excuse or exception, we lack jurisdiction to consider claims that have not been raised before the [Board].'" Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

Substantial evidence supports the finding that Bedoya failed to establish that she suffered past persecution or faces future persecution on account of a protected ground. See Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). The

record supports the finding of the Board that Bedoya was a victim of extortion. Bedoya testified that paramilitaries approached her and other persons in the neighborhood who had "good jobs or businesses to extort money from them," and she was attacked "because [she] refused to give them what they wanted which was the money." Although Bedoya testified that the paramilitaries believed she had cooperated with the Revolutionary Armed Forces, the record does not compel a finding that Bedoya was targeted for that cooperation. Bedoya testified that the paramilitaries asked her why, if she assisted the Revolutionary Armed Forces, would she "not give the money to [the paramilitaries] to[o]." Bedoya also failed to establish she has a well-founded fear of future persecution because her family has remained in Colombia unharmed and her mother has returned to Bedoya's neighborhood. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006).

Bedoya's petition for review is **DENIED**.